IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM VILLEGAS, | ) | |
| | ) | |
| Plaintiffs, | ) | 07 C 6339 |
| | ) | |
| v. | ) | Honorable John F. Grady |
| | ) | |
| MICHAEL STACHULA, PATRICIA STEVENS and the CITY OF CHICAGO | ) ) | Magistrate Michael Mason |
| | ) | |
| Defendants, | ) | |

**DEFENDANT'S MOTION TO DISMISS**

Defendant, City of Chicago, by its attorney Mara S. Georges, Corporation Counsel for the City of Chicago, hereby moves this Honorable Court to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6), with prejudice as they are time-barred, and state as follows:

**INTRODUCTION**

Plaintiff's allegations in this case relate to his arrest on November 9, 2004. (*See* Plaintiff's original Complaint attached hereto as Exhibit 1). On October 21, 2005, Plaintiff filed a Complaint alleging federal claims of excessive force and false arrest pursuant to 42 U.S.C. § 1983 as well as a state law claim of malicious prosecution. *Id.* On August 3, 2006, Plaintiff moved to voluntarily dismiss his Complaint pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, and this Court granted his motion, terminating his civil case. (*See* Minute Order attached hereto as Exhibit 2). Over one year later, on November 8, 2007, Plaintiff refiled the same claims, against the same named Defendants, alleging the same facts arising out of Plaintiff's arrest on November 9, 2004. (*See* Refiled Complaint attached hereto as Exhibit 3).

1

To the extent Plaintiff's latest complaint is a "new" cause of action, his claims are clearly time-barred under well-settled law. Plaintiff also failed to re-file his voluntarily dismissed claims within one year. Therefore, the Court should now dismiss Plaintiff's claims with prejudice.

## ARGUMENT

### I. Plaintiff's Federal Claims Are Time-Barred.

Plaintiff alleges, under Section 1983, that Chicago Police officers Michael Stachula and Patricia Stevens used excessive force and falsely arrested and imprisoned him on November 9, 2004. (*See* Ex. 1 and Ex. 3). The statute of limitations for Section 1983 claims is the state period for personal-injury torts, which in Illinois is two years. *Kalimara v. Illinois Department of Corrections*, 879 F.2d 276, 277 (7th Cir. 1989) (*citing Wilson v. Garcia*, 471 U.S. 261, 105 S. Ct. 1938 (1985). Therefore, Section 1983 claims arising in Illinois are governed by a two-year statute of limitations, which begin to run on the day of the alleged false arrest and excessive force. *Wallace v. Kato*, 127 S. Ct. 1091, 1094 (2007). Plaintiff filed this latest Complaint on November 8, 2007, about three years after his arrest, November 9, 2004. (*See* Exhibit 3). Therefore, Plaintiff's Section 1983 claims are time-barred.

### II. Plaintiff's State Law Claim Is Time-Barred.

As with his federal claims, Plaintiff's malicious prosecution claim is barred by the statute of limitations. Under the Illinois Tort Immunity Act, the statute of limitations governing claims against local entity employees is set forth in 745 ILCS § 8-101, which provides:

> § 8-101: No civil action may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued. For purposes of this Article, the term "civil action" includes any

action, whether based upon the common law or statutes or Constitution of this State.

Plaintiff's criminal proceeding was dismissed on March 29, 2005[1]. (*See* Criminal Report attached hereto as Exhibit 4). Plaintiff did not file this Complaint until November 8, 2007, over two-years later. (*See* Ex. 3). Therefore, Plaintiff's state law malicious prosecution claim is time-barred.

### III. The Voluntary Dismissal Limitation Period Does Not Toll Plaintiff's Claims.

Plaintiff's voluntary dismissal of his Complaint, which was entered on November 3, 2006, and the subsequent refiling of his Complaint, does not bring him in compliance with the statute of limitations. Under Illinois law, when an action is voluntarily dismissed, the plaintiff may refile his claims "within one year or within the remaining period of limitations, whichever is greater." *Jenkins v. Village of Maywood*, 506 F.3d 622, 624 (7th Cir. 2007) (*citing* 735 ILCS 13-217). As such, Plaintiff had one year after the voluntary dismissal order to refile his claims.

In *Jenkins*, the court explicitly recognized that the Illinois tolling rule for a voluntary dismissal applied in Section 1983 cases. *Jenkins*, 506 F.3d at 623. Additionally, the *Jenkins* court struggled with whether the one-year period for which to re-file a voluntarily dismissed claim should begin at the time of the filing of the motion for voluntary dismissal, or from the time of the dismissal order. *Id.* at 624. The *Jenkins* court not only decided the one-year period runs from the filing of the motion for voluntary dismissal, but strictly held the plaintiffs to it by granting summary judgment when the deadline was missed by just six days. *Id.*

---

[1] Submission of a Certified Statement of Conviction/Disposition does not require that this Court convert defendant's motion to dismiss under F.R.C.P. 12(b)(6) into one for summary judgment. See *Brown v. Campbell*, 1995 WL 229033, at *3 n. 2 (N.D. Ill. April 14, 1995) (citing *Venture Assoc. Corp v. Zenith Data Systems, Inc..*, 987 F.2d 429, 431 (7th Cir. 1993); *Romani v. Shearson Lehman Hutton*, 929 F.2d 875, 879 n. 3 (1st Cir. 1991)).

3

In this case, the Court need not struggle as the *Jenkins* court did because Plaintiff's refiled complaint is time barred under even the most liberal standard. This Court entered an order of voluntary dismissal on August 3, 2006. (*See* Ex. 2). According to the rule announced in *Jenkins*, Plaintiff had one-year to refile his Complaint. *See Jenkins*, 506 F.3d at 624. Plaintiff refiled his Complaint on November 8, 2007, more than three months after the statute of limitations from Plaintiff's voluntary dismissal had lapsed. Thus, Plaintiff's entire case is and remains time-barred.

## CONCLUSION

**WHEREFORE**, Defendant, City of Chicago, requests that this Court dismiss Plaintiff's Complaint with prejudice and grant any other relief that the Court deems just and appropriate.

Respectfully submitted,

City of Chicago
a Municipal Corporation

Mara S. Georges
Corporation Counsel
Attorney for City of Chicago

/s/ Shneur Z. Nathan
Assistant Corp. Counsel

30 N. LaSalle Street, Suite 1400
Chicago, Illinois 60602
(312) 742-1842 (Office)
(312) 744-6566 (Fax)
ATTY. NO. 6294495

/S/ Patrick Sneed-Griffin
PATRICK SNEED-GRIFFIN
30 N. LaSalle Street, Suite 1400
Chicago, Illinois 60602
Senior Law Student
711 License No. 2008LS00021