# TABLE OF CONTENTS

EXHIBIT 1……………………………………...Original Complaint Filed October 21, 2005

EXHIBIT 2……………………………………....Minute Order Entered August 3, 2006

EXHIBIT 3……………………………………...Refiled Complaint Filed November 8, 2007

EXHIBIT 4……………………………….Criminal Report – Termination March 29, 2005

# EXHIBIT

# # 1

FILED
OCT 21 2005
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM VILLEGAS, | ) | |
| Plaintiffs, | ) | NO. **05C 6064** |
| v. | ) | |
| MICHAEL STACHULA, PATRICIA STEVENS and the CITY OF CHICAGO | ) | JUDGE        **JUDGE GRADY** |
| Defendants, | ) | JURY DEMAND |

**MAGISTRATE JUDGE MASON**

## COMPLAINT

1. The jurisdiction of this court is invoked pursuant to the Civil Rights Act, 42 U.S.C. 1983 and 1988; 28 U.S.C. 1331and 1323(3); and the Constitution of the United States, and supplement jurisdiction under 28 U.S.C. Section 1367.

## PARTIES

2. Plaintiff William Villegas, is a citizen of the United States and a resident of the Cook County, State of Illinois.

3. Defendant Michael Stachula ,("Stachula"), is employed by the City of Chicago and at all times relevant to this Complaint was acting within scope of his employment and under color of law.

4. Defendant Patricia Stevens, ("Stevens"), is employed by the City of Chicago and at all times relevant to this Complaint was acting within scope of his employment and under color of law.

5. Defendant City of Chicago, ("City"), is a municipal corporation within the States of Illinois, and was, at all times relevant to the Complaint, the employer of the Defendant Police Officers. The City is joined in this action with regard to the federal claims pursuant to *Carver v. Sheriff of LaSalle County*, 324 F.3d 947.

## FACTS

6. On November 9, 2004, between 9:30 and 10:00 PM, the Plaintiff was in his

Mother's home at 6118 N. Sheridan Road, Chicago, Illinois

7. At that time, Stachula and Stevens, identified as officers of the Chicago Police Department without probable cause or belief that a crime had been or was about to be committed, forced their way into the apartment of Angel Villegas.

8. Stachula and Stevens then seized the Plaintiff.

9. The Defendants Stachula and Stevens utilized excessive force upon William Villegas to effect his arrest.

10. Plaintiff protested being searched by the officers and challenged their basis for arresting him.

11. Then without cause or justification Stachula and Stevens struck the Plaintiff.

12. Stachula and Stevens then and there without probable cause, exigency or warrant arrested William Villegas.

13. Stachula and Stevens at no time advised William Villegas, of his Miranda rights.

14. William Villegas was transported to the 024th and then the 20th District police stations for processing.

15. Plaintiff was thereafter transported to the Weiss Memorial Hospital in Chicago, Illinois for treatment of injuries he sustained from the Defendants Stachula and Stevens.

16. William Villegas, was thereafter charged with the misdemeanor battery.

17. Plaintiff suffered injury to his elbow and ribs as a result of the actions of Stachula and Stevens use of force.

18. William Villegas was found not guilty of all charges made by Stachula and/or Stevens.

19. Plaintiff sustained serious and permanent injury to his arm, ribs and torso as a result of the punitive acts of the Defendants Stachula and Stevens.

## COUNT I

### (William Villegas - Sec. 1983 Excessive Force Claim vs. Stachula & Stevens)

20. Plaintiff realleges paragraphs 1 through 19 as though fully set forth herein.

21. The actions of Defendants Stachula and Stevens in striking and kicking William Villegas violated his Fourth Amendment rights to be free from unreasonable searches and seizures.

22. The actions of Defendants Stachula and Stevens were a direct and proximate cause of the violations of Plaintiffs Fourth Amendment rights, his injuries, severe pain, mental suffering, anguish and humiliation, loss of personal freedom, and expenses, as set forth more fully above.

WHEREFORE, Plaintiff William Villegas prays this honorable court rule as follows:

A. Find that the Defendants Michael Stachula and Patricia Stevens violated the constitutional rights of the Plaintiff;

B. Award the Plaintiff compensatory damages against the Defendants Michael Stachula and Patricia Stevens;

C. Award the Plaintiff punitive damages against the Defendants Michael Stachula and Patricia Stevens

D. Award the Plaintiff attorney's fees and costs; and,

E. Award any additional relief this Court deems just and equitable.

## COUNT II

### ( William Villegas - Sec. 1983 Claim for False Arrest, Imprisonment and Seizure Without Probable Cause vs. Stachula & Stevens)

23. Plaintiff realleges paragraphs 1 through 19 as though fully set herein.

24. The actions of Defendants Michael Stachula and Patricia Stevens in falsely arresting, detaining and imprisoning the Plaintiff William Villegas, was warrantless, without probable cause violated their Fourth Amendment right to be free from unreasonable searches, arrests and seizures.

25. The direct actions of the Defendants Michael Stachula and Patricia Stevens in

3

falsely arresting, detaining, imprisoning the Plaintiff William Villegas, was the direct and proximate cause of the constitutional violations set forth above.

**WHEREFORE**, Plaintiff William Villegas prays this honorable court rule as follows:

A. Find that the Defendants Michael Stachula and Patricia Stevens violated the constitutional rights of the Plaintiff;

B. Award William Villegas compensatory damages against the Defendants Michael Stachula and Patricia Stevens;

C. Award William Villegas punitive damages against the Defendants Michael Stachula and Patricia Stevens

D. Award the Plaintiff attorney's fees and costs; and,

E. Award any additional relief this Court deems just and equitable.

## COUNT III

**(William Villegas - Common Law Malicious Prosecution Claim v. Stachula, Stevens and the City of Chicago)**

26. Plaintiff realleges paragraphs 1 through 19 as though fully set herein.

27. Defendants Michael Stachula and Patricia Stevens as more specifically described above, initiated and commenced a criminal proceeding against the Plaintiff.

28. William Villegas was found not guilty of the criminal charges brought against him.

29. The Defendants Michael Stachula and Patricia Stevens had no knowledge, information or belief that William Villegas had either committed aggravated battery or resisted arrest.

30. Notwithstanding, Defendants Michael Stachula and Patricia Stevens continued to prosecute the unsubstantiated criminal proceedings against William Villegas out of malice for his challenging their actions at the time of his arrest.

31. Plaintiff sustained damages including, but not limited to his loss of freedom and the emotional distress and anguish of incarceration as a pretrial detainee and trial.

4

**WHEREFORE**, Plaintiff William Villegas prays this honorable court rule as follows:

A. Find that the Defendants Michael Stachula and Patricia Stevens maliciously prosecuted the Plaintiff;

B. Award the Plaintiff compensatory damages against the Defendants Michael Stachula, Patricia Stevens and the City of Chicago;

C. Award the Plaintiff punitive damages against the Defendants Michael Stachula and Patricia Stevens only; and,

D. Award any additional relief this Court deems just and equitable.

Respectfully submitted:

_____
Attorney for the Plaintiff

Kevin Rogers
307 N. Michigan Avenue    Suite 305
Chicago, IL  60601
T (312) 332-1188
F (312) 332-0192

5

# EXHIBIT

# # 2

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 2.5
### Eastern Division

William Villegas

          Plaintiff,

v.                                      Case No.: 1:05−cv−06064
                                      Honorable John F. Grady

Michael Stachula, et al.

          Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Thursday, August 3, 2006:

      MINUTE entrybefore Judge John F. Grady :Plaintiff's motion to voluntarily dismiss [24] is granted. Civil case terminated.Mailed notice(am)

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.

# EXHIBIT

# # 3

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM VILLEGAS,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL STACHULA, PATRICIA STEVENS<br>and the CITY OF CHICAGO<br><br>Defendants. | 07CV6339<br>JUDGE GRADY<br>MAGISTRATE JUDGE MASON<br><br>) Honorable John F. Grady<br>)<br>) Magistrate Michael Mason<br>)<br>) Jury Demand |

Refiling

**COMPLAINT**

1. The jurisdiction of this court is invoked pursuant to the Civil Rights Act, 42, U.S.C. 1983 and 1988; 28 U.S.C. 1331 and 1323(3); and the Constitution of the United States, and supplement jurisdiction under 28 U.S.C. Section 1367.

**PARTIES**

2. Plaintiff William Villegas, is a citizen of the United States and a resident of the Cook County, State of Illinois.

3. Defendant Michael Stachula, ("Stachula"), is employed by the City of Chicago and at all times relevant to this Complaint was acting within scope of his employment and under color of law.

4. Defendant Patricia Stevens, ("Stevens"), is employed by the City of Chicago and at all times relevant to this Complaint was acting within scope of his employment and under color of law.

5. Defendant City of Chicago, ("City"), is a municipal corporation within the State of Illinois, and was, at all times relevant to the Complaint, the employer of the

Defendant Police Officers. The City is joined in this action with regard to the federal claims pursuant to Carver v. Sheriff of LaSalle County, 324 F.3d 947 (7th Cir. 2003).

## FACTS

6. On November 9, 2004, between 9:30 and 10:00 PM, the Plaintiff was in his Mother's home at 6118 N. Sheridan Road, Chicago, Illinois

7. At that time, Stachula and Stevens, identified as officers of the Chicago Police Department without probable cause or belief that a crime had been or was about to be committed, forced their way into the apartment of Angel Villegas.

8. Stachula and Stevens then seized the Plaintiff.

9. The Defendants Stachula and Stevens utilized excessive force upon William Villegas to affect his arrest.

10. Plaintiff protested being searched by the officers and challenged their basis for arresting him.

11. Then without cause or justification Stachula and Stevens struck the Plaintiff.

12. Stachula and Stevens then and there without probable cause, exigency or warrant arrested William Villegas.

13. Stachula and Stevens at no time advised William Villegas, of his Miranda rights.

14. William Villegas was transported to the 024th and then the 20th District police stations for processing.

15. Plaintiff was thereafter transported to the Weiss Memorial Hospital in Chicago, Illinois for treatment of injuries he sustained from the Defendants Stachula and Stevens.

16. Plaintiff was thereafter charged with the misdemeanor battery.

17. Plaintiff suffered injury to his elbow and ribs as a result of the actions of Stachula and Stevens' use of force.

18. William Villegas was found not guilty of all charges made by Stachula and/or Stevens.

19. Plaintiff sustained serious and permanent injury to his arm, ribs and torso as a result of the punitive acts of the Defendants Stachula and Stevens.

## Count I

### (William Villegas – Sec. 1983 Excessive Force Claim vs. Stachula & Stevens)

20. Plaintiff re-alleges paragraphs 1 through 19 as though fully set forth herein.

21. The actions of Defendants Stachula and Stevens in striking and kicking William Villegas violated his Fourth Amendment rights to be free from unreasonable searches and seizures.

22. The actions of Defendants Stachula and Stevens were as direct and proximate cause of the violations of Plaintiff's Fourth Amendment rights, his injuries, severe pain, mental suffering, anguish and humiliation, loss of personal freedom, and expenses, as set forth more fully above.

**WHEREFORE,** Plaintiff William Villegas prays this honorable court rules as follows:

A. Find that he Defendants Michael Stachula and Patricia Stevens violated the constitution right of the Plaintiff;

B. Award the Plaintiff compensatory damages against the Defendants Michael Stachula and Patricia Sevens;

C. Award the Plaintiff punitive damages against the Defendants Michael Stachula and Patricia Stevens

D. Award the Plaintiff attorney's fees and costs; and,

E. Award any additional relief this Court deems just and equitable.

## Count II

### William Villegas-Sec. 1983 Claim for False Arrest, Imprisonment And Seizure Without Probable Cause vs. Stachula & Stevens

23. Plaintiff realleges paragraphs 1 through 19 as though fully set herein.

24. The actions of Defendants Michael Stachula and Patricia Sevens in falsely arresting, detaining and imprisoning the Plaintiff William Villegas, was warrantless, without probable cause violated their Fourth Amendment right to be free from unreasonable searches, arrests and seizures.

25. The direct actions of the Defendants Michael Stachula and Patricia Stevens in falsely arresting, detaining, imprisoning the Plaintiff William Villegas, was the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, Plaintiff William Villegas prays this honorable court rule as follows:

A. Find that the Defendants Michael Stachula and Patricia Stevens violated the constitutional right of the Plaintiff;

B. Award William Villegas compensatory damages against the Defendants Michael Stachula and Patricia Stevens;

C. Award William Villegas punitive damages against the Defendants Michael Stachula and Patricia Stevens.

D. Award the Plaintiff attorney's fees and costs; and,

E. Award any additional relief this Court deems just and equitable.

### COUNT III

**William Villegas – Common Law Malicious Prosecution Claim Against Stachula, Stevens and the City of Chicago.**

26. Plaintiff realleges paragraphs 1 through 19 as though fully set herein.

27. Defendants Michael Stachula and Patricia Stevens as more specifically described above, initiated and commenced a criminal proceeding against the Plaintiff.

28. Following a bench trial in the Circuit Court of Cook County, William Villegas was found not guilty of the criminal charges brought against him.

29. The Defendants, Michael Stachula and Patricia Stevens, had no knowledge, information or belief that William Villegas had either committed aggravated battery or resisted arrest.

30. Notwithstanding, Defendants Michael Stachula and Patricia Sevens continued to prosecute the unsubstantiated criminal proceeding against William Villegas out of malice for his challenging their action at the time of his arrest.

31. Plaintiff sustained damages including, but not limited to his loss of freedom and the emotional distress and anguish of incarceration as a pretrial detainee and trial.

**WHEREFORE** the Plaintiff, William Villegas, prays this honorable court rule as follows:

A.  Find that the defendants Michael Stachula and Patricia Stevens maliciously prosecuted the Plaintiff;

B.  Award the Plaintiff compensatory damages against the Defendants Michael Stachula, Patricia Sevens and the City of Chicago;

C.  Award the Plaintiff punitive damages against the Defendants Michael Stachula and Patricia Sevens only; and,

D.  Award any additional relief this Couth deems just an equitable.

Respectfully submitted:

Gerardo S. Gutierrez, Esq.
Attorney for the Plaintiff


Gerardo S. Gutierrez,
Attorney at Law
53 W. Jackson Blvd., Ste. 1122
Chicago, IL 60604
T (312) 786-9970
F (312) 922-7920

# EXHIBIT

# # 4

```
              IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS        Page 001
     PEOPLE OF THE STATE OF ILLINOIS
                     VS              NUMBER 04121583101
        WILLIAM    F VILLEGAS

              CERTIFIED STATEMENT OF CONVICTION / DISPOSITION
```

I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois, and keeper of the records and seal thereof do hereby certify that the electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County/Local Prosecutor has filed a complaint with the Clerk of the Circuit Court.

Charging the above named defendant with:

```
  720-5/12-3-A-1                   M      BATTERY - CAUSE BODILY HA
The following disposition(s) was/were rendered before the Honorable Judge(s):


11/12/04 BOND SET BY RULE OF COURT              12/29/04 2829
    ALONSO JORGE LUIS
12/29/04 MOTION STATE - CONTINUANCE -MS         01/19/05 2829
    O'MALLEY, WILLIAM P.
01/19/05 JURY DEMAND BY DEFENDANT               01/26/05 6146
01/26/05 CONTINUANCE BY AGREEMENT               03/29/05 6146
    BALLARD, MARK J.
03/29/05 PLEA OF NOT GUILTY
    BALLARD, MARK J.
03/29/05 JURY WAIVED
    BALLARD, MARK J.
03/29/05 FINDING OF NOT GUILTY                  C001
    BALLARD, MARK J.
```

```
                              I hereby certify that the foregoing has
                              been entered of record on the above
                              captioned case.
                              Date 03/13/08
                              _____
                                     DOROTHY BROWN
                              CLERK OF THE CIRCUIT COURT OF COOK COUNTY
```