# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| WILLIAM VILLEGAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  07 C 6339 |
| ) | |
| MICHAEL STACHULA, PATRICIA ) | |
| STEVENS, and the CITY OF CHICAGO, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Before the court is defendant City of Chicago's motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the reasons explained below, the motion is converted into a motion for judgment on the pleadings and granted.

## BACKGROUND

Plaintiff, William Villegas, has filed a three-count complaint against the City of Chicago and two Chicago police officers, Michael Stachula and Patricia Stevens.  Plaintiff alleges that on November 9, 2004, the officers arrested him without probable cause and struck and kicked him, resulting in injuries to his elbow and ribs.  Counts I and II of the complaint are § 1983 claims against the officers for excessive force and false arrest.  Plaintiff also alleges that he was wrongfully charged with misdemeanor battery against one or both of the officers and was found not guilty.

Count III is a state-law claim against the officers and the City for malicious prosecution.

The City now moves to dismiss the complaint on the basis that it is time-barred.

## **DISCUSSION**

The purpose of a 12(b)(6) motion to dismiss is to test the sufficiency of the complaint, not to resolve the case on the merits. 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356, at 354 (3d ed. 2004). But because defendants' motion rests on statute of limitations grounds, we do not have a true 12(b)(6) issue. The statute of limitations is an affirmative defense. Complaints need not anticipate or plead around affirmative defenses, see Gomez v. Toledo, 446 U.S. 635, 640 (1980), so we cannot hold that plaintiff fails to state a claim on which relief can be granted solely for untimeliness, see Leavell v. Kieffer, 189 F.3d 492, 494-95 (7th Cir. 1999). But when a complaint shows that the time for litigation has passed, judgment on the pleadings may be entered under Federal Rule of Civil Procedure 12(c). Leavell, 189 F.3d at 495. Therefore, we will convert the City's motion to dismiss into a motion for judgment on the pleadings.

The City contends that plaintiff's claims are time-barred for the following reasons. The claims stem from an arrest on November 9, 2004. On October 21, 2005, plaintiff filed a complaint in this

court against the City, Stachula, and Stevens, alleging excessive force and false arrest in violation of § 1983, as well as state-law malicious prosecution. On July 26, 2006, plaintiff filed a motion to voluntarily dismiss the action pursuant to Federal Rule of Civil Procedure 41(a)(2). On August 3, 2006, we granted that motion. Plaintiff filed the instant action, which arises out of the same facts as the previously-filed action, alleges the same claims and is brought against the same defendants, on November 8, 2007.

Section 1983 actions are governed by the forum state's statute of limitations and its corresponding tolling rules. Jenkins v. Village of Maywood, 506 F.3d 622, 623-24 (7th Cir. 2007). "In Illinois, the statute of limitations for personal injury actions is two years, and so section 1983 actions litigated in federal courts in Illinois are subject to that two year period of limitations." Id. at 623. The statute begins to run when the plaintiff knows or should know that his constitutional rights have been violated-- here, from the date of the alleged false arrest and use of excessive force, which was November 9, 2004. See Savory v. Lyons, 469 F.3d 667, 672 (7th Cir. 2006). As for plaintiff's state-law malicious prosecution claim, the Illinois Tort Immunity Act provides that "[n]o civil action . . . may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued." 745 ILCS

10/8-101(a). A malicious prosecution claim accrues when the criminal proceeding on which it is based is terminated in the plaintiff's favor. See Ferguson v. City of Chicago, 820 N.E.2d 455, 459 (Ill. 2004). Plaintiff was found not guilty of battery on March 29, 2005, so his malicious prosecution claim accrued on that date.[1]

Illinois law permits a plaintiff who voluntarily dismisses his complaint the right to refile the action "within one year or within the remaining period of limitation, whichever is greater." 735 ILCS 5/13-217. The one-year period from the date of dismissal provided the greater period for all of plaintiff's claims. Plaintiff therefore had the right to refile his claims within one year from the August 3, 2006 date of dismissal. He did not file this action until November 8, 2007, so in the City's view, the action is time-barred.

Plaintiff does not take issue with the City's arguments regarding the applicable statute of limitations or with the City's calculations. But plaintiff argues that the doctrine of equitable tolling applies because he was "once again wrongfully incarcerated by the Chicago Police in June of 2006," "essentially preclud[ing

---

[1]  Although plaintiff does not include in his complaint this date of disposition of the criminal proceeding, the City attaches to its motion as Exhibit 4 a copy of a Certified Statement of Disposition of the proceeding from the Circuit Court of Cook County. We may take judicial notice of this public court document without converting the City's motion into a motion for summary judgment. See United States v. Wood, 925 F.2d 1580, 1582 (7th Cir. 1991) (stating that court may take judicial notice of public records).

him] for the next 4 months from litigating or prosecuting his case, resulting in the voluntary dismissal." (Pl.'s Resp. at 4.) He also asserts that his "previous lawyer did not even inform him that his case was voluntarily dismissed, much less that he now had a one-year statute of limitation which would run on August 2, 2007." (Id.)

We agree with the City that plaintiff's claims are time-barred. The doctrine of equitable tolling "deals with situations in which timely filing is not possible despite diligent conduct." Farzana K. v. Indiana Dep't of Educ., 473 F.3d 703, 705 (7th Cir. 2007). Equitable tolling is granted sparingly, and "[e]xtraordinary circumstances far beyond the litigant's control must have prevented timely filing." United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir. 2000). Plaintiff has failed to demonstrate that he was prevented from refiling the action before the deadline or that he acted diligently. Even accepting his account of a four-month incarceration as true, he does not explain how the incarceration prevented him from refiling the case after his release; he still had several months to refile yet failed to do so. Plaintiff's claimed ignorance of the law does not warrant equitable tolling, nor do the purported missteps of his former attorney. See Hoosier Bancorp of Indiana, Inc. v. Rasmussen, 90 F.3d 180, 183 (7th Cir. 1996); Farzana K., 473 F.3d at 705-06. "If counsel blundered to his client's prejudice, the remedy is

malpractice litigation against the culprit, not the continuation of litigation against an adversary who played no role in the error." Farzana K., 473 F.3d at 706.

Because plaintiff had the opportunity for response that Rule 12(c) requires, and our holding does not depend on any documents beyond the pleadings, we will enter a judgment on the pleadings pursuant to Rule 12(c) on the grounds that the complaint is time-barred.

## CONCLUSION

Defendants' motion to dismiss the complaint is converted into a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) and granted.

DATE: December 19, 2008

ENTER: _____
John F. Grady, United States District Judge